IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BENJAMIN OSWALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-0710-W-RED-SSA |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Benjamin Oswald ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 410 *et seq.*, as amended and the denial of his request for supplemental security income (SSI) benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.* Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g) and Section 1631 of the Act, 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record fully sets forth his findings and such will not be

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful

2

activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff argues that the ALJ erred by not considering the medical evidence that indicated Plaintiff is illiterate, has dyslexia, and suffers from a depressive disorder. The only medical evidence pointed to by Plaintiff is the opinion of Dr. Rodinelli which stated that, in his opinion, Plaintiff's deficits in reading would "significantly impede his work ability." However, Dr. Rodinelli went on to opine that Plaintiff "would be appropriate . . . for a clerical-type or sedentary activity." The ALJ noted that Plaintiff had a high school degree, vocational certificates, and an IQ in the high 70's, giving him the designation of "borderline." Moreover, Plaintiff stated that he quit working because of his motorcycle accident and the evidence showed he had worked for years with the illiteracy and dyslexia limitations.

3

As to the depressive disorder, this was found to be severe, but not significantly limiting. Plaintiff was not taking the amount of medication, nor treated with the frequency that would be expected of someone with a global assessment of functioning score of 45, as noted by psychologist C. Karr. Quite simply, the medical record did not bear out the severity noted in this one opinion. In total, the opinion of the ALJ did take in the mental restrictions of the Plaintiff by finding he is limited to simple, repetitive, low stress work. The opinion of the ALJ on these points is clearly supported by the record as a whole.

Plaintiff next argues that the ALJ erred by finding that he could not perform any fine manipulation or repetitive reaching with his right hand, yet not finding Plaintiff disabled. During the hearing, the ALJ asked the vocational expert two hypotheticals at issue. The first hypothetical took into account a limitation that the Plaintiff would not be able to use his right arm to do any labor one-third of the work day. The vocational expert opined that Plaintiff would be precluded from competitive employment. The second hypothetical, the one relied upon by the ALJ, involved the limitation of an individual unable to perform any fine manipulation or repetitive reaching with his or her right hand. The vocational expert found competitive employment for someone with this limitation.

Plaintiff argues that if one can not perform any work when unable to use an arm for one-third of the day, then one can not perform work if they can not perform fine manipulation or repetitive reaching for the whole day. One can easily infer that the loss of fine manipulation or repetitive reaching still allows some other range of motion in the arm. A vocational expert is a specialist in employment and the limitations and vocational factors which influence employment. The ALJ was justified in relying on the vocational expert's testimony on this point. *See Nelson v. Sullivan*, 946

4

F.2d 1314, 1317 (8th Cir. 1991).

Thirdly, Plaintiff argues that the ALJ erred by not properly considering the opinions of Plaintiff's treating sources. Plaintiff states that the ALJ failed to articulate what weight was given to Dr. McMillian and Dr. Barnthouse. However, as Plaintiff notes in his brief to the Court, the ALJ incorporates the opinions of these physicians into his opinion. Indeed, the RFC clearly includes the opinions of these two sources. At worst the ALJ's error is a deficiency in opinion writing, but is not grounds for reversal because substantial evidence supports its outcome. *See Carlson v. Chater*, 74 F.3d 869, 871 (8th Cir. 1996).

Finally, Plaintiff argues that the ALJ erred in evaluating his credibility and the credibility of the Plaintiff's mother. The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Cater*, 87 F.3d 963, 966 (8th Cir. 1996).

When an ALJ assesses a claimant's subjective complaints relating to nonexertional impairments, the claimant must prove, on the record as a whole, that the disabling impairment results from a medically determinable physical or mental impairment. *See* 20 C.F.R. §§ 404.1529, 416.929 (2003). However, the claimant need not produce direct medical evidence of the cause and effect relationship between the impairment and the degree of the claimant's subjective complaints. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Accordingly, when making a disability determination, the adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them. *See id.* The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints. *See id.* Thus, the

5

adjudicator must consider the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999); *Polaski*, 739 F.2d at 1322.

In evaluating the *Polaski* factors, the Eighth Circuit has advised that the primary question is not whether the claimant actually experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent the claimant from performing substantial gainful activity. *See Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998); *McGinnis v. Cater*, 74 F.3d 873, 874 (8th Cir. 1996); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993); *Pickner v. Sullivan*, 985 F.2d 401, 404 (8th Cir. 1993). An ALJ may discount a claimant's subjective complaints only if there are inconsistencies in the record as a whole. Consequently, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Basinger v. Heckler*, 725 F.2d 1166, 1170 (8th Cir. 1984). The rules do not require that the ALJ mention and analyze each element of *Polaski* independently. *See Brown v. Cater*, 87 F.3d 963, 966 (8th Cir. 1996). Failure to make credibility determinations in such cases is reversible error.

In this case, the ALJ found that Plaintiff's claims of constant pain were "inconsistent" with other reports. Simply stated, the ALJ determined that Plaintiff's claims of constant pain and physical limitation were not consistent with the medical records and findings of his treating and examining physicians. For those reasons the ALJ determined that Plaintiff's testimony was not credible. The ALJ considered Plaintiff's mother's testimony as cumulative and similarly not credible as it was based primarily on what she learned from Plaintiff. The ALJ articulated the inconsistencies which

6

led to him discounting the Plaintiff's and his witnesses's credibility. This finding is supported by the record as a whole.

## IV. Conclusion

Upon a review of the record, the Court finds that substantial evidence supports the ALJ's findings in regard to mental impairments, his reliance on the vocational expert, the reliance on opinions of treating sources, the credibility determinations, and that the decision as a whole is supported by substantial evidence. Accordingly, it is hereby

ORDERED that the decision of the ALJ is **AFFIRMED.**

DATE: December 1, 2005         */s/ Richard E. Dorr*
                               RICHARD E. DORR, JUDGE
                               UNITED STATES DISTRICT COURT